**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**GARY ARTHUR HOLYOKE,**

                                        **Plaintiff,**

      **vs.**                                                                    **6:23-CV-1557**
                                                                                 **(MAD/MJK)**

**S.S.I., MEDICARE, I.R.S., ONEIDA COUNTY,**
**N.Y., M.V.H.S., M.V.C.S., and UTICA,**
                                        **Defendants.**

_____

**APPEARANCES:**                                  **OF COUNSEL:**

**GARY ARTHUR HOLYOKE**
13 Lennon Place
Whitesboro, New York 13492
Plaintiff, _pro se_

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

On December 12, 2023, Plaintiff Gary Arthur Holyoke commenced this action, _pro se_, by

filing a complaint and a motion to proceed _in forma pauperis_ ("IFP").  _See_ Dkt. Nos. 1, 2.  On

January 2, 2024, Magistrate Judge Andrew T. Baxter issued an Order and Report-

Recommendation granting Plaintiff's IFP motion and recommending that Plaintiff's complaint be

dismissed without prejudice and with leave to amend as to Defendants City of Utica and Oneida

County.  _See_ Dkt. No. 7.  Magistrate Judge Baxter recommended dismissing Plaintiff's complaint

without prejudice but without leave to amend as to all other Defendants.  _See id._  Plaintiff filed

objections on February 12, 2024.[1]  _See_ Dkt. No. 14.  Plaintiff's objections are one page and state

---

[1] Multiple documents were returned to the Court as undelivered including Magistrate Judge
Baxter's Order and Report-Recommendation.  _See_ Dkt. Nos. 6, 9, 11-3.  After Plaintiff contacted
the Clerk's Office to notify the Court of his change of address, the Court extended the time for
him to file objections.  _See_ Dkt. No. 10; _see also_ Text Notice 01/29/2024.

that he "object[s] to dismissing the case." *Id.* Plaintiff filed a notice of change of address and amended complaint on the same day. *See* Dkt. Nos. 15, 16.

"When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." *Boice v. M+W U.S., Inc.*, 130 F. Supp. 3d 677, 684 (N.D.N.Y. 2015) (citing FED. R. CIV. P. 72(b)). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

As Plaintiff is proceeding *pro se*, the Court must review his complaint under a more lenient standard. *See Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003). The Court must "make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983). Thus, "a document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "Although the court has the duty to show liberality towards pro se litigants, . . . there is a responsibility on the court to determine that a claim has some arguable basis in law before permitting a plaintiff to proceed with an action in forma pauperis." *Moreman v. Douglas*, 848 F. Supp. 332, 333-34 (N.D.N.Y. 1994) (internal citations omitted).

Having reviewed the Order and Report-Recommendation, Plaintiff's complaint, and the applicable law, the Court does not discern any clear error in Magistrate Judge Baxter's recommendations.

As Magistrate Judge Baxter explained, Plaintiff's complaint is largely incoherent.  *See* Dkt. No. 7 at 4-5.  He appears to be complaining about housing and medical care.  *See* Dkt. No. 1  However, as Magistrate Judge Baxter stated, to bring a section 1983 claim, Plaintiff must plead state action.  *See Sybalski v. Indep. Grp. Home Living Program, Inc.,* 546 F.3d 255, 257 (2d Cir. 2008).  Insofar as Plaintiff names "M.V.H.S." as a Defendant, Mohawk Valley Health System is a private health care organization.  *See* Dkt. No. 7 at 10 (citing, *inter alia*, *Holyoke v. Mohawk Valley Health Sys.*, No. 6:22-CV-316, 2022 WL 1102414, *3 (N.D.N.Y. Apr. 13, 2022), report and recommendation adopted*, 2022 WL 16570433 (N.D.N.Y. Nov. 1, 2022), *aff'd*, No. 22-2771, 2023 WL 6342807 (2d Cir. Sept. 29, 2023)).  Because Plaintiff did not allege that M.V.H.S. is a state actor or engaged in any state action, Magistrate Judge Baxter correctly concluded that the section 1983 claim against it must be dismissed.  *See Schlein v. Milford Hosp., Inc.*, 561 F.2d 427, 427 (2d Cir. 1977).  Similarly, as to "M.V.C.S." or Mohawk Valley Community Services, Plaintiff failed to allege state action such that the recommendation of dismissal is free of clear error.  *See* Dkt. No. 7 at 11.

Magistrate Judge Baxter considered that M.V.C.S. might be an extension of New York State's Office of Mental Health which would make it a state agency.  *See id.*  However, assuming that it is, Magistrate Judge Baxter correctly determined that state agencies are immune from suit under the Eleventh Amendment.  *See id.*; *see also Burnette v. Carothers*, 192 F.3d 52, 56-57 (2d Cir. 1999).  Likewise, Plaintiff's complaint against Defendants I.R.S., S.S.I., and Medicare, requires dismissal because federal agencies and their officers acting in an official capacity are entitled to sovereign immunity.  *See Dotson v. Griesa*, 398 F.3d 156, 177 (2d Cir. 2005).  Thus, the Court finds no clear error in Magistrate Judge Baxter's recommendation dismissing the claims against those entities on immunity grounds.  *See* Dkt. No. 7 at 11-12.

Next, Plaintiff named the City of Utica and Oneida County as Defendants. *See* Dkt. No. 1 at 1. Magistrate Judge Baxter correctly stated that the body of the complaint is devoid of specific allegations regarding those entities or any purported injury that they caused Plaintiff. *See* Dkt. No. 7 at 12-13. This alone would support dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 8. *See Hanks v. City of Syracuse*, No. 5:21-CV-921, 2022 WL 4619877, *3 (N.D.N.Y. Sept. 30, 2022), *aff'd*, No. 22-2819, 2023 WL 8889764 (2d Cir. Dec. 26, 2023). Nevertheless, Magistrate Judge Baxter proceeded to explain that, because the City of Utica and Oneida County are municipalities, in order to state a claim against them, Plaintiff would have to plead a constitutional violation and a policy or custom. *See* Dkt. No. 7 at 13-14; *see also Werkheiser v. Cnty. of Broome*, 655 F. Supp. 3d 88, 109 (N.D.N.Y. 2023); *Buari v. City of New York*, 530 F. Supp. 3d 356, 397 (S.D.N.Y. 2021). Plaintiff did not allege either. Thus, Magistrate Judge Baxter correctly concluded that dismissal of the complaint against Defendants City of Utica and Oneida County is warranted.

Concerning an opportunity to amend, Magistrate Judge Baxter recommended that Plaintiff not be given an opportunity to amend the claims against M.V.H.S., M.V.C.S., Medicare, S.S.I., and I.R.S. because Plaintiff has not set forth a plausible basis upon which he could bring such claims. *See* Dkt. No. 7; *see also Igartua v. Dep't of Homeless Servs.*, No. 15-CV-3806, 2015 WL 4656557, *2 (E.D.N.Y. Aug. 5, 2015). The Court agrees and will deny Plaintiff leave to amend his complaint against those Defendants.

As to the City of Utica and Oneida County, Magistrate Judge Baxter recommended that Plaintiff be afforded an opportunity to amend his complaint given the Second Circuit's instructions concerning amendment of a *pro se* complaint. *See* Dkt. No. 7 (citing *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007); *Mojias v. Johnson*, 351 F.3d 606, 610-11 (2d Cir. 2003)). The

4

Court agrees that because the Second Circuit instructs that "[d]istrict judges should, as a general matter, liberally permit pro se litigants to amend their pleadings," *Drew v. City of New York*, No. 21-1194, 2023 WL 3083188, *2 (2d Cir. Apr. 26, 2023) (quotation omitted), leave to amend will be granted as to Defendants City of Utica and Oneida County.  Plaintiff is informed that his amended complaint replaces the existing complaint and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the Court.  *See Jeanty v. Sciortino*, No. 6:22-CV-319, 2023 WL 2931863, *14 (N.D.N.Y. Apr. 13, 2023).

Finally, Magistrate Judge Baxter cautioned Plaintiff concerning his filing of numerous complaints in this Court which have been dismissed for jurisdictional defects and/or the failure to state a claim.  *See* Dkt. No. 7 at 16.  The Court finds no clear error in Magistrate Judge Baxter's assessment of the state of Plaintiff's filings and concurs in the conclusion that if Plaintiff engages in frivolous, duplicative, or vexatious filing in the future, he may be subject to an Order to Show Cause why a Pre-Filing Order should not be issued against him.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Baxter's Order and Report-Recommendation (Dkt. No. 7) is **ADOPTED** in its entirety for the reasons set forth herein; and the Court further

**ORDERS** that Plaintiff's complaint (Dkt. No. 1) against Defendants S.S.I., Medicare, I.R.S., M.V.H.S., and M.V.C.S. is **DISMISSED without prejudice but without leave to amend**; and the Court further

**ORDERS** that Plaintiff's complaint (Dkt. No. 1) against Defendants City of Utica and Oneida County is **DISMISSED without prejudice**; and the Court further

**ORDERS** that Plaintiff's amended complaint (Dkt. No. 16) is referred to Magistrate Judge Mitchell J. Katz for review pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A; and the Court further

**ORDERS** that the Clerk of the Court serve a copy of this Order upon Plaintiff in accordance with Local Rules.

**IT IS SO ORDERED.**

Dated: February 20, 2024
      Albany, New York

Mae A. D'Agostino
U.S. District Judge

6