UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GARY ARTHUR HOLYOKE a.k.a.
IMAGES BY GARY HOLYOKE,

                                 Plaintiff,

   v.                                                   6:23-CV-1557 (MAD/ATB)

S.S.I., et al.,

                                 Defendants.
_____

GARY ARTHUR HOLYOKE, Plaintiff, pro se

MITCHELL J. KATZ, U.S. Magistrate Judge

TO THE HONORABLE MAE A. D'AGOSTINO:

## REPORT-RECOMMENDATION

On December 12, 2023, plaintiff Gary Arthur Holyoke commenced this action, pro se, by filing a complaint and a motion to proceed in forma pauperis ("IFP"). (Dkt. Nos. 1, 2). On January 2, 2024, Magistrate Judge Andrew T. Baxter issued an Order and Report-Recommendation ("ORR") granting plaintiff's IFP motion and recommending that plaintiff's complaint be dismissed without prejudice and with leave to amend as to defendants City of Utica and Oneida County. (Dkt. No. 7). Judge Baxter otherwise recommended dismissing plaintiff's complaint without prejudice but without leave to amend as to all other defendants. (*Id.*).

This case was reassigned to me as magistrate judge for all further proceedings on January 5, 2024. (Dkt. No. 8). Before the district court had an opportunity to review

1

Judge Baxter's ORR, plaintiff filed an amended complaint on February 12, 2024. (Dkt. No. 16).

On February 20, 2024, U.S. District Judge Mae A. D'Agostino issued an order adopting Judge Baxter's ORR in its entirety. (Dkt. No. 17). Specifically, Judge D'Agostino ordered that plaintiff's complaint be dismissed without prejudice but without leave to amend as against named defendants S.S.I., Medicare, I.R.S., M.V.H.S., and M.V.C.S. (*Id.*). Judge D'Agostino further ordered that plaintiff's complaint against named defendants City of Utica and Oneida County be dismissed without prejudice. (*Id.*). Last, Judge D'Agostino referred plaintiff's amended complaint to me for review pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. (*Id.*).

Upon return of the amended complaint, the court observed that this pleading, like the original complaint, presented as frivolous and incoherent, and likely did not meet the requirements of Rule 8 of the Federal Rules of Civil Procedure. (Dkt. No. 19 at 2). However, mindful of the liberal pleading standard afforded pro se litigants, and considering that plaintiff's amended complaint was prepared without the benefit of Judge D'Agostino's February 2024 order, the court granted plaintiff an additional forty-five days within which to amend his complaint in order to meet the pleading requirements required of the Federal Rules of Civil Procedure, as well as comply with Judge D'Agostino's findings in her February 2024 order. Plaintiff's second amended complaint ("SAC"), filed on March 27, 2024, is now before this court for initial review. (Dkt. No. 20).

**I.    The Second Amended Complaint**

Plaintiff's SAC identifies several defendants in its caption, the majority of whom are not referenced throughout the body of the pleading. Because of the patently frivolous nature of most, if not all, of plaintiff's allegations, the court will not endeavor to provide an in-depth recitation of all the facts alleged in plaintiff's SAC. To the extent that plaintiff's allegations are relevant to any causes of action asserted against the named defendants, I will discuss them in my analysis.

**II.   Analysis**

    **A.    Fair Notice/Rule 8**

As previously discussed in prior filings by this court, the purpose of Rule 8 of the Federal Rules of Civil Procedure "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Hudson v. Artuz*, 95 Civ. 4768, 1998 WL 832708, *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y.1995) (other citations omitted)). Here, plaintiff has identified several defendants in the caption of his SAC, however these defendants are not referenced anywhere in the body of the SAC, and plaintiff has not attempted to assert any causes of action against them. In the absence of factual allegations sufficient to plausibly suggest these defendants were personally involved in conduct that violated plaintiff's constitutional rights, the SAC fails to state a cognizable claim. *See Cipriani v. Buffardi,* No. 06-CV-0889 (GTS/DRH), 2007 WL 607341, *1 (N.D.N.Y. Feb. 20, 2007) ("Dismissal is appropriate where a defendant is listed in the caption, but the body of the complaint fails to indicate what the

defendant did to the plaintiff.") (citation omitted); *see also Casino v. Rohl*, No. 14-CV-2175, 2014 WL 5425501, at *6 (E.D.N.Y. Oct. 23, 2014) (dismissing complaint since the plaintiff had not adequately pled the defendant's personal involvement in any of the constitutional deprivations alleged in the amended complaint). Accordingly, the SAC should be dismissed as against defendants Mohawk Valley Community Services, Scott Buddle, Jeremy Dawes, "workers of the 9th floor," Dr. Westmoreland, Dr. Lynwynn Wynn, Bob Michelle, and the "other case managers."

Plaintiff also alleges "discrimination" against him by "different services" who "never helped him" because of plaintiff's association with his younger brother. (SAC at 20). This allegation, without more, is entirely insufficient to put the generally referenced services/agencies, who do not even appear to be listed as defendants in the pleading, on notice of the claims against them, much less plausibly allege a federal claim of discrimination. *Schwartzco Enterprises LLC v. TMH Mgmt., LLC*, 60 F. Supp. 3d 331, 356 (E.D.N.Y. 2014) (citing *Atuahene v. City of Hartford,* 10 Fed. App'x 33, 34 (2d Cir. 2001) ("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [the plaintiff's] complaint failed to satisfy [Rule 8's] minimum standard."); *Zalewski v. T.P. Builders, Inc.,* No. 1:10-CV-876 (GLS/RFT), 2011 WL 3328549, at *5 (N.D.N.Y. Aug. 2, 2011) ("The court will not accept . . . vague group pleading to serve as a basis for liability.")). Accordingly, to the extent plaintiff attempts to plead a claim for discrimination, this cause of action should be dismissed for failure to state a claim.

**B.     Section 1983**

As previously set forth in Judge Baxter's January 2024 ORR, as well as in Judge D'Agostino's February 2024 Order, a plaintiff must allege state action in order to state a claim under § 1983.  (Dkt. No. 7 at 6-8; Dkt. No. 17 at 2-3).  To this end, defendant Wynn Medical Center is a hospital located in Utica, NY, operating under the umbrella of Mohawk Valley Health System, a private healthcare organization.  *See* Dkt. No. 7 at 10 (citing, inter alia, *Holyoke v. Mohawk Valley Health Sys.*, No. 6:22-CV-316, 2022 WL 1102414, *3 (N.D.N.Y. Apr. 13, 2022), *report and recommendation adopted*, 2022 WL 16570433 (N.D.N.Y. Nov. 1, 2022), *aff'd*, No. 22-2771, 2023 WL 6342807 (2d Cir. Sept. 29, 2023)).  Because plaintiff has not alleged that Wynn Medical Center is a state actor or engaged in any state action, he fails to state a claim pursuant to § 1983.

Plaintiff has also named Dr. Nalin Sinha as a defendant in this matter.  Liberally construed, the SAC appears to allege that Dr. Sinha determined that plaintiff was required to be held at Wynn Medical Center on an "extended stay."  (SAC at 8, 16).  Plaintiff further alleges Dr. Sinha's "ignorance of misunderstanding of what [plaintiff] was trying to say and singling [plaintiff] out."  (*Id.*).  As a general rule, the providers who work in private medical facilities/hospitals are not state actors for purposes of § 1983.  *See Rene v. Mustafa*, No. 16-CV-4072, 2024 WL 1332556, at *21 (E.D.N.Y. Mar. 28, 2024) (citing inter alia *Jackson v. Barden*, 12 Civ. 1069, 2018 WL 340014, at *14 (S.D.N.Y. 2018) (finding private hospital and its doctors are not state actors); *Garramone v. SUNY*, No. 23-CV-0066, 2023 WL 4471957, at *7 (E.D.N.Y. July 11, 2023) ("[P]rivate parties are not generally liable under Section 1983." (collecting cases)).

5

Furthermore, "[t]here is support in this Circuit for the proposition that private doctors and hospitals are not state actors for purposes of § 1983 liability for their role in the civil commitment scheme set forth in New York's Mental Hygiene Law." *Johnson v. Unity Health Sys.*, No. 08-CV-6258, 2010 WL 1404123, at *3 (W.D.N.Y. Mar. 30, 2010) (discussing *Okunieff v. Rosenberg,* 996 F. Supp. 343 (S.D.N.Y. 1998), *aff'd,* 166 F.3d 507 (2d Cir.1999)). In *Okunieff,* the court determined that the conduct of private physicians in securing an involuntary psychiatric evaluation of an individual pursuant to New York's civil commitment scheme met none of the tests used to convert private conduct into state action for purposes of § 1983 liability. *Id.*; *see also Doe v. Harrison,* 254 F. Supp. 2d 338 (S.D.N.Y. 2003) (Utilizing *Okuneiff* analysis in determining that private physicians and hospitals do not become state actors because they have determined that an individual should be involuntarily hospitalized on an emergency basis pursuant to § 9.39 of New York's Mental Hygiene Law); *Hogan v. A.O. Fox Mem'l Hosp.,* 346 F. App'x 627 (2d Cir.2009) (same); *Coppola v. Health All. Hosp. Broadway Campus*, No. 1:17-CV-1032 (LEK/ATB), 2019 WL 251765, at *8 (N.D.N.Y. Jan. 17, 2019) (". . . the Court is bound by *Rosenberg's* holding that the typical MHL confinement-based solely on private doctors' independent judgments-does not have constitutional protection.") (citations omitted).

Thus, in this case, even if plaintiff had plausibly alleged a violation of his constitutional rights by Wynn Medical Center and Dr. Sinha relative to an involuntary confinement pursuant to New York's Mental Hygiene Law, which he has not, such an allegation by itself is insufficient to establish state action on the part of these

6

defendants.[1]  Accordingly, the SAC should be dismissed as against defendants Wynn Medical Center and Dr. Sinha.

### C.   Sovereign Immunity

In her February 2024 Order, Judge D'Agostino dismissed plaintiff's claims against defendants I.R.S., S.S.I., and Medicare without leave to amend, based on sovereign immunity grounds.  (Dkt. No. 17 at 3).  Nevertheless, plaintiff has once again named these entities as defendants in his SAC, along with "S.S.D.I."  (SAC at 1).  For all of the reasons previously set forth by Judge Baxter and Judge D'Agostino, plaintiff's SAC should be dismissed without leave to amend as against defendants I.R.S., S.S.I., S.S.D.I., and Medicare.  (*See* Dkt. Nos. 7 at 11-12; 17 at 3).

### D.   Assertive Treatment Team ("ACT Team")/ACT Team Members

Plaintiff alleges that his "main complaint" is that defendant ACT Team, of whom individually named defendants Sceufalt, Marina, Scicily, and Lukcas[2] are allegedly members, was "supposed to help find [plaintiff] a residential apartment after an eviction . . . ." (Compl. at 2).  He then alleges that these "girls worked against [him] on all aspects when [he] was organizing [his] photography and creating [his] digital asset webpages that offers print of [his] photography if ordered online along with digital artwork." (*Id.*).

---

[1] Some district courts have declined to extend *Rosenberg* to circumstances in which a private facility and/or physician "relied upon" the assessment of a state actor, without conducting an independent medical examination, in ordering an involuntary commitment.  *See, e.g. Bryant v. Steele*, 93 F. Supp. 3d 80, 90 (E.D.N.Y. 2015).  Here, plaintiff has not alleged that the decision to hold him on an "extended stay" was based on the opinion of anyone other than Dr. Sinha.

[2] The spelling of these defendants' names is inconsistent throughout the pleading.

"An ACT team is a multidisciplinary team that consists of six to eight staff members from the fields of psychiatry, nursing, and social work, and professionals with other types of expertise such as substance abuse treatment and vocational rehabilitation." *Disability Advocs., Inc. v. Paterson*, 598 F. Supp. 2d 289, 303 n. 17 (E.D.N.Y. 2009) (citations omitted); *see also Klestinez v. ACT Team*, No. 6:21-CV-696 (GLS/ATB), 2021 WL 4086128, at *2 n. 4 (N.D.N.Y. Aug. 19, 2021), *report and recommendation adopted*, 2021 WL 4084270 (N.D.N.Y. Sept. 8, 2021). It is an extension of, and service provided by, the New York State Office of Mental Health.[3] To the extent plaintiff identifies the ACT Team as a defendant-entity, "[i]t is clear that the Eleventh Amendment prevents plaintiff from suing either OMH or the ACT Team as entities in federal court." *Klestinez v. ACT Team*, 2021 WL 4086128, at *3 (citing *Limwongse v. New York State Office of Mental Health*, 249 F. App'x 862, 862-63 (2d Cir. 2007) ("we agree with the district court that, because [OMH] and [the psychiatric center] are state agencies, they are protected by Eleventh Amendment immunity"); *Komlosi v. New York State Office of Mental Retardation & Dev. Disabilities*, 64 F.3d 810, 815 (2d Cir. 1995) (Office of Mental Retardation and Developmental Disabilities was state agency considered to be an "arm of New York State" for Eleventh Amendment immunity purposes); *Henny v. New York State Office of Mental Health*, 842 F. Supp. 2d 530, 544 (S.D.N.Y. 2012) ("[i]t is undisputed that . . . [the psychiatric center] and [OMH] are agents and instrumentalities of New York State")).

With respect to the individual ACT Team member defendants, even under the most liberal reading, plaintiff's SAC still lacks sufficient factual, nonconclusory

---

[3] *See* https://omh.ny.gov/omhweb/act/ (last visited April 23, 2024).

allegations to state a claim for relief that is plausible on its face. Specifically, plaintiff fails to identify what allegedly culpable conduct is attributable to each individual defendant, and how that conduct deprived plaintiff of his constitutional rights. Instead, plaintiff submits a rambling stream of consciousness, much like in his original and amended complaints, and it is impossible to discern a timeline of events giving rise to plaintiff's claims. Accordingly, plaintiff's claims asserted pursuant to § 1983 as against these defendants fail to state a claim upon which relief can be granted.

### III. Opportunity to Amend

Generally, when the court dismisses a pro se complaint *sua sponte*, the court should afford the plaintiff the opportunity to amend at least once; however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993).

This court has already afforded plaintiff several opportunities to amend, and he has been unable to plausibly associate the defendants' alleged actions to any statutorily or constitutionally prohibited conduct. Furthermore, the court is acutely aware of plaintiff's history of filing frivolous actions in this district.[4] Thus, the court will recommend dismissing plaintiff's SAC without the further opportunity to amend. *See, e.g., Johnson v. Progressive.com*, No. 19-CV-11202, 2020 WL 589127, at *1 (S.D.N.Y. Feb. 5, 2020) (declining to grant *pro se* plaintiff leave to amend in light of the plaintiff's "abusive litigation history" and where amendment would be futile).

**WHEREFORE**, based on the findings above, it is

---

[4] *See* Dkt. No. 7 at 16-17 (discussing plaintiff's history of filings in this court that have been dismissed for jurisdictional defects and/or the failure to state a claim).

**RECOMMENDED**, that plaintiff's second amended complaint (Dkt. No. 20) be **DISMISSED with prejudice and without leave to amend,** for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Hum. Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: April 26, 2024

Mitchell J. Katz
U.S. Magistrate Judge