UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

**GARY ARTHUR HOLYOKE,**

                                  **Plaintiff,**

vs.                                                  6:23-CV-1557
                                                           (MAD/MJK)

**S.S.I., et al.,**

                                  **Defendants.**

---

APPEARANCES:                                OF COUNSEL:

**GARY ARTHUR HOLYOKE**
13 Lennon Place
Whitesboro, New York 13492
Plaintiff, *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

On December 12, 2023, Plaintiff Gary Arthur Holyoke commenced this action, *pro se*, by filing a complaint and a motion to proceed *in forma pauperis* ("IFP"). *See* Dkt. Nos. 1, 2. On January 2, 2024, Magistrate Judge Andrew T. Baxter issued an Order and Report-Recommendation granting Plaintiff's IFP motion and recommending that Plaintiff's complainant be dismissed without prejudice and with leave to amend as to Defendants City of Utica and Oneida County. *See* Dkt. No. 7. Magistrate Judge Baxter recommended dismissing Plaintiff's complaint without prejudice but without leave to amend as to all other Defendants. *See id.* Plaintiff objected to Magistrate Judge Baxter's Order and Report-Recommendation, filed a notice of change of address, and amended his complaint on February 12, 2024. *See* Dkt. Nos. 14, 15, 16.

On February 20, 2024, the Court adopted Magistrate Judge Baxter's Order and Report-

1

Recommendation in its entirety and granted Plaintiff leave to amend his complaint as to Defendants City of Utica and Oneida County. *See* Dkt. No. 17. The Court also ordered that Plaintiff's amended complaint be referred to Magistrate Judge Mitchell J. Katz for review pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. *See id.*

As Plaintiff's amended complaint was prepared without the benefit of the Court's February Order, Magistrate Judge Katz granted Plaintiff forty-five days to amend his complaint. *See* Dkt. No. 19. On March 27, 2024, Plaintiff filed a second amended complaint. *See* Dkt. No. 20. Magistrate Judge Katz issued a Report-Recommendation on April 26, 2024, recommending that Plaintiff's second amended complainant be dismissed with prejudice and without leave to amend. *See* Dkt. No. 21. On May 6, 2024, Plaintiff filed objections. *See* Dkt. No. 22. Plaintiff's objections are one page and state as follows:

> I object to this case being dismissed due to the fact of over thirty years of doctors holding me against my will and causing the loss of the prime of my life by alot [sic] of false beliefs and accusations that took up to[o] much time of my life that I am due compensation.

Dkt. No. 22.

"When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." *Boice v. M+W U.S., Inc.*, 130 F. Supp. 3d 677, 684 (N.D.N.Y. 2015) (citing FED. R. CIV. P. 72(b)). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

As Plaintiff is proceeding *pro se*, the Court must review his complaint under a more lenient standard. *See Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003). The Court

must make "reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983). Thus, "a document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however in artfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (internal citation omitted). "Although the court has the duty to show liberality towards pro se litigants, . . . there is a responsibility on the court to determine that a claim has some arguable basis in law before permitting a plaintiff to proceed with an action in forma pauperis." *Moreman v. Douglas*, 848 F. Supp. 332, 333-34 (N.D.N.Y. 1994) (internal citations omitted).

Having reviewed Magistrate Judge Katz's Report-Recommendation, Plaintiff's second amended complaint, and the applicable law, the Court does not discern any clear error in Magistrate Judge Katz's recommendations.

Magistrate Judge Katz correctly determined that Plaintiff's second amended complaint should be dismissed as against Mohawk Valley Community Services, Scott Buddle, Jeremy Dawes, "workers of the 9th floor," Dr. Westmoreland, Dr. Lynwynn Wynn, Bob Michelle, and the "other case managers" for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. *See* Dkt. No. 21 at 4. To properly assert a claim, a plaintiff must allege some act or omission on the part of each defendant that gives rise to the alleged deprivation. *See Gonzalez v. City of New York*, No. 97-CV-2246, 1998 WL 382055, *2 (S.D.N.Y. July 9, 1998) (finding dismissal to be proper when the complaint only included the defendant's name in the caption and did not allege personal involvement of the defendant); *Crown v. Wagenstein*, No. 96-CV-3895, 1998 WL 118169, *2 (S.D.N.Y Mar. 16, 1998) (same). Because Plaintiff only named the

3

aforementioned Defendants in his case caption, but failed to articulate facts supporting a cause of action against them in the body of his complaint, Magistrate Judge Katz's correctly concluded that the second amended complaint must be dismissed against those Defendants.  *See* Dkt. No. 21 at 3.

Magistrate Judge Katz was also correct in his determination that Plaintiff's allegation of discrimination should be dismissed for his failure to comply with Rule 8.  *See id.* at 4.  "The Second Circuit has found dismissal appropriate pursuant to Rule 8 when a complaint is 'unintelligible' and fails to 'explain[ ] what conduct constituted the violations, which defendants violated which statutes . . . or how the alleged violations harms [the plaintiff].'"  *Vantone Group LLC v. Yangpu NGT Indus. Co.*, No. 13-CV-7639, 2015 WL 4040882, *4 (S.D.N.Y. July 2, 2015) (quoting *Strunk v. U.S. House of Representatives*, 68 Fed. Appx. 233, 235 (2d. Cir. 2003)) (alterations in original).  Thus, Plaintiff's general allegation of "discrimination" by "different services" does not sufficiently set forth a claim under Rule 8.  Dkt. No. 20 at 13.  The Court agrees with Magistrate Judge Katz's recommendation that this purported claim must be dismissed for failure to state a claim.  *See* Dkt. No. 21 at 5.

Next, Magistrate Judge Katz states, as this Court set forth in its February Order, that in order to bring a claim under 42 U.S.C. § 1983, Plaintiff must plead state action.  *See* Dkt. No. 17 at 3; Dkt. No. 21 at 5; *see also Sybalski v. Indep. Grp. Home Living Program, Inc.* 546 F.3d 255, 257 (2d Cir. 2008); *Tancredi v. Metropolitan Life Ins. Co.*, 316 F.3d 308, 312 (2d Cir. 2003).  As explained in this Court's February Order, Mohawk Valley Health System is a private healthcare organization.  *See* Dkt. No. 17 at 3.  As such, Wynn Medical Center, operating under Mohawk Valley Health System, is a private actor.  Plaintiff failed to allege that Wynn Medical Center is a state actor or engaged in any state action.  Thus, Magistrate Judge Katz correctly found that Plaintiff failed to state a claim pursuant to § 1983.  *See* Dkt. No. 21 at 5.

4

Magistrate Judge Katz was also correct in his determination that Dr. Nalin Sinha, as a provider working in a private medical facility, generally would not be considered a state actor for purposes of § 1983. *See* Dkt. No. 21; *see also Estiverne v. Esernio*, 910 F. Supp. 2d 434, 443 (E.D.N.Y. 2012). Specifically, Magistrate Judge Katz explained that private hospitals and doctors are not state actors for purposes of § 1983 liability when engaging in their role under New York's civil commitment scheme. *See* Dkt. No. 21 at 6; *see also Okunieff v. Rosenberg*, 996 F. Supp. 342 (S.D.N.Y. 1998), *aff'd*, 166 F.3d 507 (2d Cir. 1999); *Elisens v. Auburn Cmty. Hosp.*, No. 5:19-CV-1236, 2021 WL 1027915, *2 (N.D.N.Y. Mar. 17, 2021) (finding that a private physician was not acting under color of law when they involuntarily committed a patient to a psychiatric unit). The Court agrees with Magistrate Judge Katz's recommendation and concludes that Plaintiff's second amended complaint should be dismissed as against Defendants Wynn Medical Center and Dr. Sinha.

In its February Order, this Court dismissed Plaintiff's claims without leave to amend against Defendants I.R.S., S.S.I., and Medicare on sovereign immunity grounds. *See* Dkt. No. 17 at 3-4. Plaintiff attempted to reallege claims against these Defendants in his second amended complaint, *see* Dkt. No. 20 at 1, 9, and Magistrate Judge Katz correctly determined that such claims must be dismissed. *See* Dkt. No. 21 at 7.

In addressing Plaintiff's claim against Defendant Assertive Community Treatment team ("ACT team"), Magistrate Judge Katz found that the ACT team is an extension of the New York State of Office of Mental Health, and, as such, is an entity of the state. *See* Dkt. No. 21 at 8. Thus, he concluded that Plaintiff is barred by the Eleventh Amendment from bringing a suit against the ACT team in federal court. *See id.*; *see also Klestinez v. ACT Team*, No. 6:21-CV-696, 2021 WL 4086128, *3 (citing *Limwongse v. New York State Office of Mental Health*, 249

Fed. Appx. 862, 862-63 (2d Cir. 2007)).  The Court finds no clear error in Magistrate Judge Katz's determination.

With regard to the individual ACT team member Defendants, the Court agrees with Magistrate Judge Katz's finding that the Plaintiff's second amended complaint fails to state a claim upon which relief can be granted and should be dismissed as to these Defendants.  *See* Dkt. No. 17 at 9.  Plaintiff failed to allege what conduct giving rise to a claim is attributable to each of the individual Defendants; therefore, Plaintiff has not set forth a plausible basis upon which he can bring claims against the individual members of the ACT team.  *See* Dkt. No. 21 at 8; *see also Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) ("It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983'") (quotation omitted); *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

Concerning an opportunity to amend, Magistrate Judge Katz recommended that Plaintiff not be given another opportunity to amend his complaint.  *See* Dkt. No. 21 at 9.  Leave to amend may be denied where a plaintiff has already been given leave to amend and has failed to cure identified deficiencies.  *See Amrod v. YouGov*, No. 1:23-CV-1104, 2023 WL 8432314, *6 (N.D.N.Y. Dec. 5, 2023).  Leave to amend may also be denied where it would be futile.  *See Panther Partners Inc. v. Ikanos Communications, Inc.*, 681 F.3d 114, 119 (2012).  As noted by Magistrate Judge Katz, Plaintiff has a history of filing frivolous actions in this Court and has been unable to articulate any plausible claim for relief in this action despite being afforded the opportunity to amend his complaint.  *See* Dkt. No. 21 at 9.  Thus, the Court denies Plaintiff further leave to amend.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Katz's Report-Recommendation (Dkt. No. 21) is

6

**ADOPTED** in its entirety for the reasons set forth herein; and the Court further

**ORDERS** that Plaintiff's second amended complaint (Dkt. No. 20) is **DISMISSED with prejudice and without leave to amend;** and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court serve a copy of this Order upon Plaintiff in accordance with Local Rules.

**IT IS SO ORDERED.**

Dated: June 20, 2024
       Albany, New York

Mae A. D'Agostino
U.S. District Judge